IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KYEEM KING | * | |
|    Plaintiff | * | |
|       v. | * | Civil Action No. DKC-25-867 |
| DETECTIVE JOHN PADDY, | * | |
| PRINCE GEORGE'S COUNTY GOV'T., | | |
| STATE OF MARYLAND, | * | |
|    Defendants | * | |
| | *** | |

**MEMORANDUM**

The court received a paper filed by self-represented Plaintiff Kyeem King ("Mr. King") entitled "Complaint/Habeas Corpus Relief" on March 14, 2025, in which he purports to raise claims of false arrest and malicious prosecution in connection with his criminal case in the Circuit Court for Prince George's County, No. CT191113x. ECF No. 1. On March 27, 2025, Mr. King's Motion to Proceed *in forma pauperis* was received by the Clerk, resolution of which will be deferred until it is determined whether this case will proceed. ECF No. 4. For the reasons stated herein, Mr. King will be directed to clarify his claim and differentiate between relief available either in a civil rights or a habeas corpus action, if he wishes to proceed. The complaint as presently drafted is deficient and will be dismissed without prejudice.

A.    Complaint Allegations

Court records show that Mr. King was convicted of two counts of second-degree murder and related charges in CT191113x in the Circuit Court for Prince George's County, and sentenced on September 7, 2022, to 125 years in prison with all but 95 years suspended. The convictions were appealed to the Appellate Court of Maryland on October 5, 2022, and oral argument was heard on November 8, 2023. The docket reflects subsequent correspondence, but the appeal is still

open and pending before the panel. No. 1779, Sept. term 2022.[1] [Maryland Judiciary Case Search](https://casesearch.mdcourts.gov/casesearch/inquiryDetail.jis?caseId=ACMREG17792022&loc=71&detailLoc=ODYCOSA), https://casesearch.mdcourts.gov/casesearch/inquiryDetail.jis?caseId=ACMREG17792022&loc=71&detailLoc=ODYCOSA (last visited April 5, 2025).

Mr. King also filed a motion for post-conviction relief in the Circuit Court. A post-conviction hearing was held on November 12, 2024, but the petition was dismissed with prejudice because Mr. King declined to be sworn as a witness. In other cases, Mr. King has filed actions against the State of Maryland and the hearing judge. He reports that he refused to be sworn based on his faith. (*See King v. State of Maryland*, BAH 24-3522 and *King v. Turner*, JRR 25-209).

Mr. King contends that probable cause was absent, resulting in false arrest and malicious prosecution, because without the inadmissible "unqualified firearm Toolmark Identification" evidence, there is no evidence. He alleges that there were no eyewitnesses, DNA, or ballistic evidence connecting him with the crime, but he was nevertheless "held for years in bondage during the Pandemic causing irreparable damages" even after the Maryland Supreme Court decided *Abruquah v. State*, 483 Md. 637, 296 A.3d 961 (2023). ECF No. 1 at 1. He claims that case holds that "unqualified firearm Toolmark Identification" evidence is inadmissible. *Id*. According to Mr. King, the charges against him were "filed due to ballistic evidence only to be inadmissible amounting to false arrest." *Id*. He claims that because the State refused to grant him an evidentiary hearing after the Maryland Supreme Court's ruling and because several motions to dismiss were denied, his criminal case amounted to malicious prosecution, and a violation of his Sixth Amendment rights. *Id*. He states his speedy trial rights were violated due to a "4 year span

---

[1] Mr. King states that he was prosecuted in Prince George's County in case number CT191113x "which resulted in an appeal, was overturned/vacated." ECF No. 1 at 1. That assertion appears to be in error. The appeal remains pending. S*ee State of Md. v. King*, Crim. Case CT191113x (Pr. George's Co. Cir. Ct. Oct. 24, 2019) available at http://casesearch.courts.state.md.us/casesearch/ (last visited April 5, 2025).

awaiting trial." *Id*. He seeks 1.2 million dollars in compensatory and punitive damages for false arrest and malicious prosecution for what he states is the absence of probable cause to charge him with murder. *Id*. at 2.

B.      Civil Rights Claims

In order to state a claim under 42 U.S.C. § 1983 for false arrest, Plaintiff must show that his arrest was made without probable cause. *See Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002); *Street v. Surdyka*, 492 F.2d 368, 372-73 (4th Cir. 1974). Probable cause exists if "at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information, were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *accord Santos v. Frederick Cty Bd. of Comm'rs*, 725 F.3d 451, 466 (4th Cir. 2013); *see also Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017). A probable cause determination is governed by a totality of the circumstances test. *See Illinois v. Gates*, 462 U.S. 213, 230-31 (1983); *Munday*, 848 F.3d at 253; *United States v. Garcia*, 848 F.2d 58, 59-60 (4th Cir. 1988). Mr. King's conviction, which has not been overturned, establishes as a matter of Maryland law, the existence of probable cause, regardless of whether the judgments are later reversed in subsequent proceedings. *See Ghazzaoui v. Anne Arundel Cty.*, 659 F.App'x 731, 733-34 (4th Cir. 2016) (citing *Zablonsky v. Perkins*, 230 Md. 365, 367 (1963)); *Quecedo v. DeVries*, 22 Md.App. 58, 70 (1984)). Maryland recognizes an exception where "the conviction was obtained by fraud, perjury or other corrupt means." *Zablonsky*, 230 Md. at 368-69 (internal quotation marks omitted).

Here, Mr. King's challenge to the probable cause in his case is based on ballistics evidence that he asserts is unreliable and should not have been relied upon at trial. His claim does not assert that his conviction was obtained by fraud, perjury, or other corrupt means; rather, it appears to be a challenge to the quality of the evidence used to convict him. Thus, he has not stated a claim for false arrest. Mr. King will be provided an opportunity to clarify the basis for his false arrest claim.

He is forewarned that conclusory allegations of fraud and perjury without supporting factual allegations will not suffice to support his claim and will result in the dismissal of this claim without prejudice and without further warning.

He also fails to state a claim for malicious prosecution. "[A] prima facie case of malicious prosecution must include (1) the initiation or maintenance of a proceeding against the plaintiff by the defendant; (2) termination of that proceeding favorable to the plaintiff; (3) lack of probable cause to support that proceeding; and (4) the defendant's malice." *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000), citing W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts 874 (5th Ed.1984). Importantly, a cause of action for malicious prosecution requires "termination of the prior criminal proceeding in favor of the accused." *See Heck v. Humphrey*, 512 U. S. 477, 484 (1994). Thus, "a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor." *Id*. at 489. Thus, in addition to his problem alleging lack of probable cause, Mr. King has not, and currently cannot, allege termination of the criminal proceeding in his favor.

C.      Petition for Habeas Corpus

Mr. King included the term "habeas corpus" in the title of his pleading, but does not directly challenge the validity of his conviction. As he has repeatedly been advised, his exclusive remedy for doing so is pursuant to 28 U.S.C. § 2254, which does not provide for monetary damages. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (state prisoner cannot challenge underlying conviction through 1983 complaint), *see also* 28 U.S.C. § 2254. He has also been advised of the necessary contents of such a motion. *See, King v. State of Maryland*, JRR 25-2478, *King v. Prince George's County*, JRR 23-2923, *King v. State of Maryland*, JRR 24-3323.

4

D.   Conclusion

By separate order which follows, this case will be dismissed without prejudice to the filing of an amended complaint within 28 days.

<u>April 22, 2025</u>                                             <u>            /s/                    </u>
Date                                                        DEBORAH K. CHASANOW
                                                            United States District Judge